*This opinion is subject to revision before publication.*

# UNITED STATES COURT OF APPEALS
## FOR THE ARMED FORCES

––––––––––––––

## UNITED STATES
Appellant

**v.**

## Patrick A. FORD, Private First Class
United States Army, Appellee

**No. 25-0143**
Crim. App. No. 20230263

Argued April 29, 2026—Decided July 1, 2026

Military Judges: Robert L. Shuck (arraignment)
and Adam S. Kazin (trial)

For Appellant: *Captain Clare M. Murphy* (argued); *Colonel Richard E. Gorini*, *Major Vy T. Nguyen*, and *Major Grace Van Dyck* (on brief).

For Appellee: *Major Andrew M. Hopkins* (argued); *Colonel Frank E. Kostik Jr.*, *Lieutenant Colonel Kyle C. Sprague*, and *Major Beau O. Watkins* (on brief).

Chief Judge OHLSON delivered the opinion of the Court, in which Judge SPARKS, Judge MAGGS, Judge HARDY, and Judge JOHNSON joined.

––––––––––––––

Chief Judge OHLSON delivered the opinion of the Court.

Appellee was charged with, among other offenses, two specifications of domestic violence under Article 128b of the Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 928b (2018). The acts underlying these specifications were committed against the same victim and occurred close in time at the same location. During the providence inquiry at Appellee's court-martial, the military judge explained to Appellee that if he pleaded guilty, most motions available to him would be waived. The military judge then noted that the only motion Appellee had made thus far involved pretrial confinement credit and stated: "So that's the only one that this court is going to consider or that an appellate court might consider. Do you understand?" Appellee responded: "Yes sir." The United States Army Court of Criminal Appeals (CCA) concluded that this colloquy did not constitute a waiver of a multiplicity claim and determined that the two specifications at issue were in fact multiplicious. *United States v. Ford*, No. ARMY 20230263, 2025 CCA LEXIS 123, at *5, 2025 WL 914830, at *2 (A. Ct. Crim. App. Mar. 21, 2025) (unpublished). However, on appeal before this Court, Appellee now concedes that he waived the multiplicity issue at trial but argues that the "unsettled state of the law" regarding the "unit of prosecution under Article 128b" of the UCMJ "limits the consequences" of this waiver. We agree with Appellee that under this Court's recent decision in *United States v. Malone*, Appellee waived his multiplicity claim. 86 M.J. 297, 301-02 (C.A.A.F. 2026). Accordingly, there is nothing left for this Court to resolve, and we reverse the decision of the CCA.

## I. Background

In July 2022, Appellee and his then pregnant wife, Ms. GB, had an argument inside their residence. Appellee smashed his wife's cell phone on the floor in order to intimidate her. Ms. GB then attempted to get away from Appellee by going outside, but Appellee followed her and grabbed her arms and pulled her toward him. Ms. GB momentarily separated from Appellee, but he then grabbed her again

and dragged her towards his car until neighbors intervened.

The convening authority referred a number of offenses against Appellee, including the following two domestic violence specifications:

> SPECIFICATION 2: In that [Appellee], U.S. Army, did, at or near El Paso, Texas on or about 24 July 2022, commit a violent offense against [Ms. GB] the spouse of the accused, to wit: unlawfully grab [Ms. GB] on the [arms[1]] with his hand.
>
> . . . .
>
> SPECIFICATION 4: In that [Appellee], U.S. Army, did, on one or more occasion, at or near El Paso, Texas on or about 24 July 2022, commit a violent offense against [Ms. GB] the spouse of the accused, to wit: unlawfully drag [Ms. GB] with his hands.

The convening authority and Appellee entered into a plea agreement in which Appellee agreed to plead guilty to, among other offenses, these two domestic violence specifications.

Before entering pleas, the military judge had the following exchange with Appellee's counsel:

> [Military Judge (MJ)]: Private First Class Patrick A. Ford, how do you plead? Before receiving your plea, I advise you that any motions to dismiss or to grant other appropriate relief should be made at this time. And your defense counsel will speak for you.
>
> [Defense Counsel (DC)]: PFC Patrick Ford requests for—motion for *Allen* credit of a total of 224 days, Your Honor. 195 days would be for the Otero Prison—County Prison. And then an additional 29 days in El Paso County, the local facility.

---

[1] The specification originally alleged that Appellee grabbed Ms. GB "on the neck." However, during the plea proceedings the word "arms" was substituted for the word "neck." The military judge entered a finding of guilty in accordance with this plea.

> MJ: Thank you. And we'll address that a little more—a little more fully before pre-sentencing proceedings, if we get there today. So, please go ahead and enter your plea.
>
> DC: Yes, Sir.

Appellee then entered pleas "in accordance with the plea agreement," including guilty pleas for the two previously quoted domestic violence specifications.

After inquiring into whether there was a factual basis for Appellee's offenses, the military judge reviewed the terms of the plea agreement with him and affirmed that Appellee understood its terms. After an extended discussion of the term providing for a waiver of an Article 13, UCMJ, 10 U.S.C. § 813 (2018), motion regarding punishment prohibited before trial, the following discussion took place between the military judge, counsel, and Appellee:

> MJ: Now, I note that there are no other waivers of motions in this case.
>
> Is that correct?
>
> [Trial Counsel]: Yes, Your Honor.
>
> DC: Yes, Your Honor.
>
> MJ: Is it—Even though there's no provision specifically for waiver of motions, do you understand that most motions are waived by virtue of pleading guilty? Do you understand that that is a waiver of most motions?
>
> [Appellee]: Yes, sir.
>
> MJ: Just if there was no plea agreement and you just entered a guilty plea that would waive most of the motions that could possibly be brought.
>
> Do you understand that?
>
> [Appellee]: Yes, sir.
>
> MJ: *The only motion so far that's been brought before this Court is an issue for pretrial confinement credit for civilian pretrial confinement. So that's the only one that this Court is going to consider or that an appellate court might consider.*

> *Do you understand?*

> [Appellee]: *Yes, sir.*

(Emphases added.)

The military judge sitting as a general court-martial convicted Appellee, pursuant to his pleas, of one specification of absence without leave, one specification of disrespect to a superior commissioned officer, three specifications of failure to obey a lawful order, one specification of communicating a threat, and three specifications of domestic violence,[2] in violation of Articles 86, 89, 92, 115, and 128b, UCMJ, 10 U.S.C. §§ 886, 889, 892, 915, 928b (2018). The military judge sentenced Appellee to a bad-conduct discharge, a total of sixteen months of confinement, and reduction to the grade of E-1.

On appeal before the CCA, Appellee asserted for the first time that the domestic violence specifications at issue should be consolidated as multiplicious because they were facially duplicative. Appellee also asserted that he did not expressly waive this challenge at trial.

The CCA agreed with Appellee, noting that "courts apply a presumption against finding waiver of constitutional protections absent an affirmative showing," and holding that Appellee did not affirmatively waive this multiplicity claim—which is grounded on constitutional Double Jeopardy grounds—when trial defense counsel simply identified one motion that was preserved and then entered pleas at the direction of the military judge. *Ford*, 2025 CCA LEXIS 123, at *5, 2025 WL 914830, at *2. The CCA then concluded that Specifications 2 and 4 of the domestic violence charge were plainly multiplicious and consolidated the specifications. *Id.* at *5-7, 2025 WL 914830, at *3-4.

---

[2] The third of these domestic violence specifications involved Appellee smashing Ms. GB's cell phone during the July 2022 incident. That offense is not relevant to the resolution of this appeal.

The acting Judge Advocate General of the Army subsequently certified two issues for this Court to review:

> I. Whether the Army Court erred in finding [Appellee] did not affirmatively waive multiplicity where counsel stated defense had no motions before entering unconditional guilty pleas.

> II. Whether the Army Court erred in finding [Appellee]'s convictions under Article 128b(1), UCMJ, multiplicious when the underlying "violent offenses" were assaults consummated by battery.

*United States v. Ford*, 85 M.J. 456 (C.A.A.F. 2025) (docketing notice of certificate for review).

## II. Standard of Review

The issue of waiver is a legal question that this Court reviews de novo. *United States v. Cook*, 86 M.J. 104, 108 (C.A.A.F. 2025).

## III. Applicable Law

This Court is not bound by the concessions of the parties on questions of law. *United States v. Smith*, 85 M.J. 283, 290 (C.A.A.F. 2024).

There is a presumption against waiver of constitutional rights. *Malone*, 86 M.J. at 302. However, waiver can occur when an accused intentionally relinquishes a known right by taking affirmative action, and this principle extends to multiplicity claims. *Id.* at 301. In *Malone*, this Court held that an appellee had waived any multiplicity claims that he might have had because:

> the military judge specifically advised defense counsel that any "motions to dismiss" should be made prior to [the a]ppellee's plea; [Rule for Courts-Martial] 907(b)(3)(B) explicitly states that "motions to dismiss" include any multiplicity claims; the potential merits of a multiplicity claim in this case were obvious on the face of the charge sheet, in the stipulation of fact, and during the providence inquiry; and yet, defense counsel unambiguously stated that he would not be filing any motions.

*Id.* at 299.

When there is waiver, this Court "cannot review [the] waived issue[] at all because a valid waiver leaves no error for us to correct on appeal." *United States v. Davis*, 79 M.J. 329, 331 (C.A.A.F. 2020) (internal quotation marks omitted) (quoting *United States v. Campos*, 67 M.J. 330, 332 (C.A.A.F. 2009)).

## IV. Discussion

### A. Whether Appellee Waived the Multiplicity Issue

In the light of this Court's recent decision in *Malone*, Appellee expressly concedes before this Court that at trial he waived his current multiplicity claim regarding the two domestic violence specifications. He states in his brief:

> [T]he record ultimately reflects an unequivocal, on-the-record relinquishment. When the military judge later explained that "[the motion for pretrial confinement credit is] the only [motion] that this Court is going to consider or that an appellate court might consider[,]" and [Appellee] confirmed his understanding, he knowingly relinquished any remaining objections—including any claim that the specifications were multiplicious. . . . That later exchange does not appear to have been addressed by the parties below or the Army Court. It nevertheless reflects a clear, on-the-record waiver under this Court's precedent.

(Second, third, and fourth alterations in original.) We agree with Appellee based on the law and the facts of this case.[3] We therefore hold that Appellee waived the multiplicity issue.

### B. Whether There Is Anything Left for This Court to Consider on the Merits of Appellee's Multiplicity Claim

Although Appellee concedes that he waived the multiplicity issue at trial, he now contends that this Court should not give effect to this waiver because of the "unsettled and underdeveloped" area of the law pertaining to "the

---

[3] In fairness to the CCA, we reiterate that Appellee argued before the lower court that there was no waiver of the multiplicity issue.

unit of prosecution under Article 128b" at the time of the plea agreement.

In *Cook*, we rejected an argument that this Court should automatically decline to find waiver simply because the underlying issue is grounded on unsettled law. We explained:

> [This] approach ignores that the focus of waiver is on the nature of the right relinquished and not the merits of the underlying claim based on the state of the law. *See United States v. Nguyen*, 235 F.3d 1179, 1184 (9th Cir. 2000) ("The whole point of waiver is the relinquishment of claims regardless of their merit.").

86 M.J. at 112 n.9 (citation modified). Instead, this Court stated that it "expect[s] counsel to object when the law is unsettled and a certain interpretation is favorable to their client." *Id.* (internal quotation marks omitted) (quoting *United States v. Oliver*, 76 M.J. 271, 276 (C.A.A.F. 2017) (Stucky, C.J., concurring in the result)). While our reasoning in *Cook* reflects the general rule, this Court has applied forfeiture as opposed to waiver in a limited number of previous cases involving exceptional circumstances when a convicted servicemember had seemingly waived an issue in the context of an unsettled point of law at the time of trial. *See, e.g.*, *Oliver*, 76 M.J. at 274 (applying forfeiture, rather than waiver, where a lesser included offense issue "was definitively resolved" in the appellant's favor by the time of the appellant's appeal before this Court); *United States v. Sweeney*, 70 M.J. 296, 304 (C.A.A.F. 2011) (applying forfeiture, rather than waiver, despite the appellant's failure to object on Confrontation Clause grounds where "subsequent case law opened the door for a colorable assertion of the right to confrontation where it was not previously available" (internal quotation marks omitted) (citation omitted)). However, the exceptional circumstances present in *Oliver* and *Sweeney* are absent in this case, so we apply the general rule and hold that Appellee waived his multiplicity claim.

We agree with Appellee that the law is indeed unsettled about what the unit of prosecution is under Article 128b, e.g., whether Appellee can stand convicted of both "unlawfully grab[bing] [Ms. GB] on the [arms] with his hand" *and* "unlawfully drag[ging] [Ms. GB] with his hands" when these acts were committed upon the same victim at the same location and at virtually the same time. However, we do not—indeed, we cannot—reach this issue because as noted above, "a valid waiver leaves no error for us to correct on appeal." *Davis*, 79 M.J. at 331 (internal quotation marks omitted) (citation omitted). Therefore, there is nothing left for this Court to resolve on the merits of Appellee's multiplicity argument.

## V. Conclusion

We answer the first certified issue in the affirmative and decline to answer the second certified issue. The decision of the United States Army Court of Criminal Appeals is reversed. The case is returned to the Judge Advocate General of the Army for remand to the United States Army Court of Criminal Appeals to complete its review under Article 66, UCMJ, 10 U.S.C. § 866 (2018 & Supp. V 2019-2024).